UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESPINO, | No. 2:15-cv-00423-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| WALGREEN CO.,[1] | |
| Defendant. | |

On May 20, 2015, the court held a hearing on defendant's April 22, 2015 motion to dismiss. Carlos Espino appeared in pro per. Alexandra Asterlin appeared on behalf of defendant. On review of the motion and the documents filed in support and opposition, after hearing the arguments of the parties, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL ALLEGATIONS

Plaintiff is a long-time customer of Walgreen Co. ("Walgreen"). He alleges that on March 1, 2013, he received several phone calls from a Walgreen pharmacy located in Manteca stating that his medications were ready for pick up. After driving to the pharmacy in Manteca,

---

[1] The complaint misspells defendant's name. The court here uses the correct name, and directs the Clerk to correct the docket accordingly.

1

1 plaintiff was told that his medications were not ready and that he should go to a different
2 Walgreen pharmacy in Lathrop.  Plaintiff visited two other Walgreen pharmacies, one in Lathrop
3 and one in Modesto.  He was denied his medications at each location.
4     Plaintiff subsequently notified his primary treating physician that Walgreen denied him
5 his medication.  His physician called the Walgreen pharmacy but never received a called back.
6 Plaintiff was then referred to another pharmacy to pick up his medications.  He did not receive his
7 medications until March 18, 2013.  As a result of the delay in receiving his medications, plaintiff
8 asserts he suffered from uncontrollable high blood pressure and diabetic attacks that eventually
9 led to a stroke.
10     Plaintiff reported Walgreen to the Better Business Bureau.  After an internal investigation,
11 he received a phone call from Walgreen stating that the problem arose from plaintiff's worker's
12 compensation carrier no longer paying for his medication.  Plaintiff asserts he has not relied on
13 his worker's compensation to pay for his medication as he is on Medicare part "D."  He contends
14 Walgreen' conduct constitutes wrongful discrimination and intentional infliction of emotional
15 distress.

16                                    PROCEDURAL BACKGROUND

17     Plaintiff filed his complaint on February 24, 2015.  ECF No. 1.  On March 19, 2015,
18 defendant filed a motion to dismiss but noticed the hearing before Judge Morrison C. England.
19 ECF No. 4.  Subsequently, this case was assigned to the undersigned for all purposes except for
20 the pretrial conference and trial and defendant's motion to dismiss (ECF No. 4) was vacated.
21 ECF No. 7.  Defendant filed the instant motion to dismiss and noticed the hearing for April 22,
22 2015.  ECF No. 8. Plaintiff did not file a timely opposition to defendant's motion and the hearing
23 was vacated. ECF No. 9.  On April 17, 2015, the court ordered plaintiff to file an opposition to
24 defendant's motion by May 6, 2015 or risk having the complaint dismissed.  ECF No. 9.  On
25 April 20, 2015, plaintiff filed his opposition to defendant's motion to dismiss.  ECF No. 10.
26 Defendant filed its reply on May 12, 2015.  ECF No. 11.
27 ////
28 ////

LEGAL STANDARDS

"A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1762 (2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235 35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)). The court need not accept as true, legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

////

////

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The courts do grant leeway to pro se plaintiffs in construing their pleadings. See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ( "[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Even with leeway and liberal construction, however, the complaint must not force the court and the defendant to guess at what is being alleged against whom, require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

A key consideration applicable to this complaint is compliance with Rule 8 of the Federal Rules of Civil Procedure. Specifically, the complaint must contain a short and plain statement of the grounds for the court's jurisdiction and the claim or claims showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(1)-(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry, 84 F.3d at 1177 ("[t]he Federal Rules require that averments 'be simple, concise, and direct'").

DISCUSSION

Defendant moves to dismiss all of plaintiff's claims. Plaintiff asserts five claims. Claims 1, 2, 3, and 5 revolve around plaintiff's chief assertion that defendant discriminated against him by denying him his medication. At the hearing, plaintiff clarified that his discrimination claims are brought under the Americans with Disabilities Act ("ADA"). Claim 4 alleges intentional infliction of emotional distress.

////

////

A. <u>Claims 1, 2, 3 and 5</u>

As noted above, these claims all relate to plaintiff's chief assertion that defendant discriminated against him, a disabled person, by denying plaintiff his medications. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 730 (9th Cir. 2007).

As to the first element, plaintiff alleges in conclusory terms that he is disabled within the meaning of the ADA, but does not plead facts to establish this. "Disability means, with respect to an individual, a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment." 28 C.F.R. § 36.104; <u>see</u> also 42 U.S.C. § 12102. Plaintiff alleges his medication regimen consists of high blood pressure, heart, diabetic and controlled substance medications, all of which are essential for his survival. ECF No. 1, at 4; ECF No. 10, at 5. However, plaintiff does not allege that any of these conditions substantially limits one or more of the major life activities. Because the claim must be dismissed for other reasons, plaintiff will have the opportunity to specify on amendment that the medical conditions he identifies substantially limit his life activities, or to plead other facts establishing disability.

As to the second element, plaintiff does not allege any facts regarding whether defendant is "place of public accommodation" for ADA purposes. Because the ADA specifically provides that a pharmacy is a public accommodation, 42 U.S.C. § 12181(7)(f), this omission is not fatal to the claim. However, because the claim must be dismissed for other reasons, plaintiff may clarify on amendment that defendant is a place of public accommodation.

////

5

1   The third element, discriminatory intent, is more problematic here.  Plaintiff's disability
2   discrimination claim fails to state a claim under Title III of the ADA because it does not include
3   any factual allegations that can fairly be interpreted to support the third element of the claim: that
4   plaintiff was denied public accommodations *because of* his disability.  "No individual shall be
5   discriminated against *on the basis of disability* in the full and equal enjoyment of the goods,
6   services, facilities, privileges, advantages, or accommodations of any place of public
7   accommodation by any person who owns, leases, (or leases to), or operates a place of public
8   accommodation."  42 U.S.C. § 12182(a) (emphasis added).  Plaintiff alleges he was denied his
9   medication.  He further alleges that after defendant performed an internal investigation, it notified
10  plaintiff that the refusal to distribute his medication was due plaintiff's workers compensation.
11  He states that Medicare is paying for his medications and thus there was no legitimate reason to
12  deny plaintiff his medication.  These allegations, without more, are insufficient to show that
13  defendant denied plaintiff his medication based on plaintiff's disability.  Accordingly, plaintiff's
14  first, second, third, and fifth Claims are dismissed with leave to amend.

15  B.  Claim 4

16  Plaintiff's fourth claim asserts that defendant's denial of medication was intended to
17  inflict emotional distress upon plaintiff.  It appears that plaintiff is attempting to assert a claim for
18  intentional infliction of emotional distress.  The elements of this state law claim are (1) extreme
19  and outrageous conduct by the defendant with the intention of causing, or reckless disregard of
20  the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme
21  emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the
22  defendant's outrageous conduct.  Cochran v. Cochran, 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d
23  540 (1998) (citation omitted).  As the California Supreme Court has explained, this tort imposes
24  liability only for "conduct exceeding all bounds usually tolerated by a decent society, of a nature
25  which is especially calculated to cause, and does cause, mental distress."  Cole v. Fair Oaks Fire
26  Dept., 43 Cal. 3d 148, 155 n. 7 (1987).  The complaint fails to allege any conduct by defendant
27  that rises to this level.  Certainly, the conduct alleged here "did not include threats of physical
28  harm, public harassment or other such conduct which the [California] cases require to be deemed

1 'extreme and outrageous.'" Standard Wire & Cable Co. v. Ameritrust Corp., 697 F. Supp. 368, 372 (C.D. Cal. 1988). Accordingly, this claim must be dismissed, but plaintiff will be provided an opportunity to amend.

Plaintiff is informed that where the federal court's original jurisdiction is based on plaintiff's presentation of a claim arising under federal law, see 28 U.S.C. § 1331, jurisdiction over additional state law claims is considered "supplemental," § 1367(a). Accordingly, if the federal claims are dismissed in the future without leave to amend, the court may decline to maintain jurisdiction over the state law claims even if they are adequately pled. See § 1367(c)(3).

C. Amendment

Plaintiff is informed that if he chooses to file an amended complaint, he must submit a short and plain statement in accordance with Federal Rule 8(a). Any amended complaint must specify the basis for federal court jurisdiction, show that the action is brought in the right place, and allege facts showing that plaintiff is entitled to relief (in other words, facts sufficient to establish the elements of each claim). The amended complaint should contain separately numbered, clearly identified claims that identify the federal statute(s) or common law cause(s) of action that provide for relief.

In addition, the allegations of the complaint should be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (ECF No. 8) is granted;

2. The complaint is dismissed; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice, and this order; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed for failure to prosecute.

DATED: May 20, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE