UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ESPINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALGREEN CO.,<br><br>　　　　Defendant. | No. 2:15-cv-00423-MCE-AC<br><br><br>FINDINGS & RECOMMENDATIONS |

On August 19, 2015, the court held a hearing on defendant's motion to dismiss. Alexandra M. Asterline appeared on behalf of defendant Walgreen Co. ("Walgreen") and plaintiff Carlos Espino failed to appear. On review of the motion, the documents filed in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

FACTUAL BACKGROUND

Plaintiff is an individual of Hispanic and Hawaiian background, who has been on Social Security Disability Insurance ("SSDI") since 2000. ECF No. 15 at 3. He suffers from nephron system fibrosis, diabetes, and high blood pressure, and is unable to walk freely or exert normal movement without severe joint and muscular pain. Id. Plaintiff alleges that on March 1, 2013, he received several phone calls from a Walgreen pharmacy located in Manteca stating that his medications were ready for pick up. Id. After driving to the pharmacy in Manteca, plaintiff was told that his medications were not ready and that he should go to a different Walgreen pharmacy

1

in Lathrop. Id. Plaintiff asked why he was told his medications were ready for pick up when they weren't, but he received no answer. Id. Instead, he was yelled at by a Walgreen Manager using racial epithets. Id. Plaintiff then visited two other Walgreen pharmacies, one in Lathrop and one in Modesto, in order to obtain his medications. Id. He was denied his medications at each location. Id.

The next day, plaintiff notified his primary treating physician that Walgreen had denied him his medications. Id. His physician called the Walgreen pharmacy but never received a call back. Id. at 4. Plaintiff was then referred to another pharmacy to pick up his medications. Id. He did not receive his medications until March 18, 2013. Id. As a result of the delay in receiving his medications, plaintiff asserts he suffered from uncontrollable high blood pressure and diabetic attacks that eventually led to a stroke. Id.

Plaintiff reported Walgreen to the Better Business Bureau. Id. After an internal investigation, he received a phone call from Walgreen stating that the problem arose from plaintiff's worker's compensation carrier no longer paying for his medication. Id. Plaintiff asserts, however, he does not rely on his worker's compensation to pay for his medication as he is on Medicare Part D. Id. He contends Walgreen's conduct constitutes wrongful discrimination based on race and disability, negligence, and intentional infliction of emotional distress. Id.

PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on February 24, 2015. ECF No. 1. Defendant then filed a motion to dismiss plaintiff's complaint on March 25, 2015, which this court granted on May 21, 2015. ECF Nos. 8, 14. On June 11, 2015, plaintiff filed a first amended complaint asserting jurisdiction based on federal question and diversity.[1] ECF No. 15. Defendant then filed a motion to dismiss plaintiff's amended complaint on June 25, 2015, arguing that plaintiff failed to allege facts sufficient to state a single claim. ECF No. 16. In the alternative, defendant requests that the court order plaintiff to file a more definite statement. Id. On August 3, 2015, plaintiff filed what seems to be an opposition to defendant's motion to dismiss. ECF No. 19.

---

[1] Plaintiff alleges he is a citizen of California, while defendant is a citizen of Illinois. ECF No. 15 at 2. In addition, the amount in controversy between the parties exceeds $75,000. Id. at 7.

2

Plaintiff's opposition, however, does not address defendant's motion to dismiss. Instead, plaintiff's opposition argues that defendant's motion recites the facts incorrectly. Id. On August 12, 2015, defendant filed a reply to plaintiff's opposition, noting that it does not respond to defendant's motion to dismiss in any way. ECF No. 20.

## LEGAL STANDARDS

### I. Failure to State a Claim

"A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1762 (2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235 35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555–56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly), and resolve all doubts in the plaintiff's favor. Hebbe v. Pliler, 627 F.3d

1  338, 340 (9th Cir. 2010) (citing <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738

2  (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual

3  allegations."  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

## DISCUSSION

I. <u>42 U.S.C. § 1981</u>

6  The court finds that plaintiff has not alleged facts sufficient to state a claim for violation

7  of § 1981.  42 U.S.C. § 1981 provides, in pertinent part, that "[a]ll persons . . . shall have the

8  same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  "[T]o establish

9  a § 1981 claim, the plaintiff must prove intentional or purposeful discrimination."  <u>DeHorney v.</u>

10 <u>Bank of Am. Nat'l Trust & Sav. Ass'n</u>, 879 F.2d 459, 467 (9th Cir. 1989); <u>General Bldg.</u>

11 <u>Contractors Ass'n v. Pennsylvania</u>, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can only be violated

12 by purposeful discrimination.").  Generally, there are three elements that must be pled to state a

13 claim under § 1981: "(1) the plaintiff is a member of a racial minority; (2) an intent to

14 discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or

15 more of the activities enumerated in the statute."  <u>Keum v. Virgin America Inc.</u>, 781 F. Supp. 2d

16 944, 954 (N.D. Cal. 2011).  This section, unlike some other civil rights statutes, prohibits

17 discrimination by both governmental and non-governmental actors.  <u>See</u> 42 U.S.C. § 1981(c).

18 Generally, "overt acts coupled with racial remarks are sufficient to state a claim under § 1981."

19 <u>Evans v. McKay</u>, 869 F.2d 1341, 1345 (9th Cir. 1989).

20 Plaintiff alleges that he visited the Manteca Walgreen after an employee called him to tell

21 him that his medications were ready for pick up.  Once he got there, however, a Walgreen

22 Manager told him his medications were not ready and, when he questioned why he was called to

23 say it was, yelled at him using racial epithets and told him to visit other Walgreen locations.

24 Plaintiff then visited two other Walgreen Pharmacies, which also refused to give him his

25 medications.  Further, plaintiff alleges that an internal investigation by Walgreen revealed the

26 reason he was denied his medications was that his worker's compensation no longer covered it.

27 However, according to plaintiff, he has been using Medicare Part D, and not worker's

28 compensation, to pay for his medication for years.

Rather than stating a claim, plaintiff's allegations raise numerous questions. Perhaps the biggest question is whether plaintiff is alleging discriminatory conduct by a single Walgreen employee or a store-wide discriminatory policy. Plaintiff alleges not only that he was denied his medications by the Walgreen Manager at the Manetca Walgreen, but at the Lathrop and Modesto Walgreens as well. This would seem to imply a store-wide discriminatory policy. However, plaintiff never actually alleges the existence of any such policy at Walgreens. Nor, in the absence of such a policy, does plaintiff explain why he was denied his medications. Defendant cannot craft a response to plaintiff's complaint until it knows what kind of discrimination plaintiff is alleging.[2] See McHenry v. Renne, 84 F.3d 1172, 1176 (9th Cir. 1996) (affirming a district court's dismissal based on the fact that the complaint was so vague and ambiguous that the defendant could not reasonably be required to frame a responsive pleading) (citing Fed. R. Civ. P. 12(e)). Accordingly, the court finds that plaintiff has failed to allege facts sufficient to state a claim for violation of § 1981.

II.     The Americans with Disabilities Act ("ADA")

The court also finds that plaintiff has not alleged facts sufficient to state a claim for violation of the ADA. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

---

[2] It also bears mentioning that plaintiff's opposition, which alleges a conspiracy between Walgreen and Liberty Mutual Insurance Co. to murder him, makes his allegations look somewhat implausible. See Iqbal, 556 U.S. at 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

Plaintiff alleges that he suffers from nephron system fibrosis, diabetes, and high blood pressure, and is unable to walk freely or exert normal movement without severe joint and muscular pain. ECF No. 15 at 3. In light of these allegations, defendant does not challenge the legal sufficiency of plaintiff's ADA claim based on his disability. In addition, the ADA specifically provides that a pharmacy is a public accommodation, 42 U.S.C. § 12181(7)(f). However, plaintiff does not allege any facts showing that he was discriminated against based on his disability. Plaintiff does not allege that any Walgreen employee ever commented on his disability or acted in such a way as to indicate he was being denied services because of his disability. Accordingly, court finds that plaintiff has not alleged facts sufficient to state a claim for violation of the ADA.

III. Negligence

To plead and prove a claim of negligence plaintiff must show that (1) defendant owed plaintiff a duty of care, (2) defendant breached its duty of care, and (3) defendant's breach was the legal and proximate cause of plaintiff's damages. Ladd v. Cnty. of San Mateo, 12 Cal. 4th 913, 917 (1996). Plaintiff alleges that defendant and the Walgreen Manager (who is not named in the amended complaint) were negligent when they failed to either "communicate properly" with him or assist him in obtaining his medications. ECF No. 15 at 6. It is unclear, based on these allegations, what actions of defendant's were negligent or how any of the actions complained of breached a duty of care. Accordingly, the court finds that plaintiff has not alleged facts sufficient to state a negligence claim.

IV. Intentional Infliction of Emotional Distress

The elements of this state law claim are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's injuries were actually and proximately caused by the defendant's outrageous conduct. Cochran v. Cochran, 65 Cal. App. 4th 488, 494, 76 Cal. Rptr. 2d 540 (1998) (citation omitted). As the California Supreme Court has explained, this tort imposes liability only for "conduct exceeding all bounds usually tolerated by a decent society, of a nature which is especially

1  calculated to cause, and does cause, mental distress." Cole v. Fair Oaks Fire Dept., 43 Cal. 3d
2  148, 155 n.7 (1987).

3        Plaintiff alleges that defendant's actions in refusing him his medications and yelling racial
4  slurs at him were callous and deliberately indifferent to his wellbeing. ECF No. 15 at 6–7. As a
5  result of defendant's outrageous conduct, plaintiff alleges that he sustained "mental suffering,
6  undo stress, and extreme embarrassment." Id. at 6. These allegations do not amount to the kind
7  of outrageous conduct required to state a claim under California law, in part because they are too
8  vague and conclusory. Certainly, the conduct alleged here "did not include threats of physical
9  harm, public harassment or other such conduct which the [California] cases require to be deemed
10 'extreme and outrageous.'" Standard Wire & Cable Co. v. Ameritrust Corp., 697 F. Supp. 368,
11 372 (C.D. Cal. 1988); see also Hughes v. Pair, 46 Cal. 4th 1035, 1051 (2009) ("Liability for
12 intentional infliction of emotional distress does not extend to mere insults, indignities, threats,
13 annoyances, petty oppressions, or other trivialities.") (internal quotation marks omitted).

14       What's more, plaintiff does not allege the kind of damages required to maintain a claim
15 for intentional infliction of emotional distress, again, in part because of the vague and conclusory
16 nature of his allegations. Mere embarrassment, stress, and "mental suffering" are not the kinds of
17 damages contemplated by the claim under California law. See Miller v. Fairchild Indus., Inc.,
18 797 F.2d 727, 737 (9th Cir. 1986) ("Severe distress means substantial, or enduring . . . of such
19 substantial quantity or enduring quality that no reasonable man in a civilized society should be
20 expected to endure it.") (internal quotation marks omitted). Accordingly, the court finds that
21 plaintiff has not alleged facts sufficient to state a claim for intentional infliction of emotional
22 distress.

23     V.    Leave to Amend

24       Leave to amend is not warranted here, because plaintiff's repeated failure to state a claim
25 and follow the court's instructions indicates that leave to amend would be futile. Courts must
26 grant leave to amend where justice so requires. Fed. R. Civ. P. 15(a). A district court, however,
27 may in its discretion deny leave to amend "due to 'undue delay, bad faith or dilatory motive on
28 the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).  District courts have particularly broad discretion to dismiss without leave to amend where a plaintiff has amended once already.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009).  Plaintiff has already been give one chance to amend his complaint, with detailed instructions from the court.  Nevertheless, he has submitted an amended complaint asserting ambiguous claims based on facts that are plainly insufficient.  The absence of any significant improvement in the viability of the amended claims indicates that further amendment would be futile.  In addition, the fact that plaintiff failed to appear at the court's August 19, 2015, hearing indicates that he does not have a serious interest in pursuing his claims.  Accordingly, the court will recommend that defendant's motion to dismiss be granted without leave to amend.

## CONCLUSION

In light of the foregoing, THE COURT HERBY RECOMMENDS that defendant's motion to dismiss, ECF No. 16, be GRANTED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 21, 2015

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE